NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NANCY YANETH VELASQUEZ-
FAJARDO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-73433

Agency Nos.
A044-424-068

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2026**
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Nancy Yaneth Velasquez-Fajardo, a native and citizen of

Guatemala, seeks review of the Board of Immigration Appeals' ("BIA") dismissal

of her appeal of an Immigration Judge's ("IJ") decision finding that she had

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abandoned her lawful permanent resident ("LPR") status and ordering her removal. Petitioner argues that the IJ incorrectly applied the burden of proof and that, under the correct burden of proof, the U.S. Department of Homeland Security ("DHS") did not establish that she abandoned her LPR status. We have jurisdiction under 8 U.S.C. § 1252(b), and we deny the petition.

Where, as here, the BIA affirms the decision of the IJ while adding some of its own reasoning, we review the decision of the IJ as well as that of the BIA. *Kaur v. Ashcroft,* 388 F.3d 734, 736 (9th Cir. 2004). We review both purely legal questions and mixed questions of law and fact de novo, while we review factual findings—including the BIA's determination as to abandonment—under the highly deferential substantial evidence standard. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021); *Khoshfahm v. Holder*, 655 F.3d 1147, 1151 (9th Cir. 2011). In sum, we "must determine whether there is (1) substantial evidence that (2) the government has offered 'clear, unequivocal, and convincing evidence' of (3) the ultimate finding necessary to support the abandonment of lawful status." *Khoshfahm*, 655 F.3d at 1151.

1. The agency applied the correct burden of proof and did not place that burden on Petitioner. We accept that the BIA applied the correct legal standard when the BIA expressly cites and applies relevant caselaw in rendering its

decision. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). "Generally, in the absence of any red flags, we take the BIA at its word." *Id.*

No such red flags exist here. The IJ correctly stated that the agency bore the burden of proving by clear, unequivocal, and convincing evidence that the facts alleged were true, and the IJ cited controlling caselaw in support of that statement. *Khoshfahm*, 655 F.3d at 1151; *see also Mondaca-Vega v. Lynch*, 808 F.3d 413, 417 (9th Cir. 2015) (en banc) (holding that "clear, unequivocal, and convincing" is the same intermediate standard used in civil cases "when particularly important individual interests are at stake"). The BIA then reviewed the IJ's decision-making and the record in concluding that Petitioner did not maintain a continuous, uninterrupted intention to return. The BIA also addressed Petitioner's argument that she was prevented from returning by her abusive husband and her daughter's injury. Finally, the BIA correctly noted that providing Petitioner with the opportunity to rebut evidence DHS presented in its briefs before the court was not the same as placing the burden on her in the first instance. Just as DHS was given an opportunity to submit a brief and evidence, Petitioner was given the chance to submit a brief and evidence. Thus, the agency applied the correct burden of proof.

2. Substantial evidence supports the BIA's determination that Petitioner was inadmissible because she abandoned her LPR status. To qualify as a returning resident, Petitioner needed to prove that she was returning to "unrelinquished

lawful permanent residence" after a "temporary visit abroad." *Khoshfahm*, 655 F.3d at 1151 (quoting *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir. 1997)). A trip constitutes a "temporary visit abroad" if "it is for a 'relatively short' period, fixed by some early event" or "the trip will terminate upon the occurrence of an event that has a reasonable possibility of occurring within a relatively short period of time." *Id.*; *Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006–07 (9th Cir. 2003).

Because Petitioner's 18-year visit abroad was not "relatively short," *see Chavez-Ramirez v. INS*, 792 F.2d 932, 937 (9th Cir. 1986) (remarking that "[i]f a permanent resident left the United States on a visit that would not end for twenty years, the visit would not be permanent but it hardly could be considered temporary either"), the determination of whether she abandoned her LPR status turns on whether she had a continuous, uninterrupted intention to return to the United States "during the entirety of [her] visit." *Khodagholian*, 335 F.3d at 1007 (quotation omitted). The "relevant intent" of the petitioner "is not the intent to return ultimately, but the intent to return to the United States within a relatively short period." *Id.* (quotation omitted). To determine intent, relevant factors include the petitioner's testimony; family ties, property holdings, or business affiliations in the United States; the duration of their residence in the United States; and their family, property, and business ties in the foreign country. *Chavez-Ramirez*, 792 F.2d at 937. The IJ and BIA may also consider whether a resident

4                                                      20-72426

has acquired substantial or permanent ties to the foreign country during the visit. *See id.* However, a resident's desire to retain her status as a permanent resident, without more, is not sufficient to maintain a continuous, uninterrupted intention to return; rather her actions must support her professed intent. *Khodagholian*, 335 F.3d at 1007.

Accounting for these factors, the BIA reasonably determined Petitioner did not maintain a continuous, uninterrupted intention to return to the United States. The BIA noted that Petitioner had no property ties to the United States before returning to Guatemala, and that, in contrast, Petitioner had a second child, married the father of her children, maintained employment, and had a fixed address while living in Guatemala. The BIA also highlighted that Petitioner made no attempt to acquire a new LPR card after separating from her husband nor any attempt to immigrate with her dependent daughter to the United States.

Acknowledging that Petitioner may have been prevented from returning to the United States because of forces outside of her control during a significant portion of her time abroad, *id.* at 1008 (accounting for the fact that at least half the time the petitioner was in a foreign country was involuntary due to an unanticipated tax claim), Petitioner's continued presence in Guatemala in the years after her separation from her husband weighs toward finding she did not maintain a continuous, uninterrupted intent to return "within a relatively short period." *Id.* at

1007. During the eight-year period that Petitioner stayed in Guatemala after separating from her husband, Petitioner lived with her two daughters in a house her mother eventually purchased for her; maintained a job; and did not contact the U.S. consulate to obtain a replacement LPR card or initiate an immigration petition for her dependent daughter. This conduct does not reasonably manifest an intent to return to the United States "as soon as possible." *Khoshfahm*, 655 F.3d at 1151 (quotation omitted); *see Chavez-Ramirez*, 792 F.2d at 937. Examining the record as a whole, the evidence does not compel a finding that Petitioner maintained a continuous, uninterrupted intention to return to the United States. *See Singh v. Holder*, 656 F.3d 1047, 1051–52 (9th Cir. 2011).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.